FARRAR LUMBER CO. *v.* ANDREWS LUMBER CO. *et al.*

ATKINSON, J. 1. This is an action by an alleged grantee of timber against his grantor and the latter's subsequent grantee, to enjoin the further cutting of timber, to establish plaintiff's deed alleged to have been lost or destroyed by the grantor after it was executed, and to recover damages for the value of timber already cut. Relatively to all the relief sought, the controlling question is whether the paper relied upon as a deed conveying title to the timber to plaintiff, and set forth in the original petition, was delivered and accepted in the form in which it was executed. The deed provided on its face that another person should join in its execution, for the purpose of releasing a lien which such person had on the property. After the deed was executed by the grantor it was handed by the attorney for both parties to the grantee, and immediately returned to the grantor for the purpose of securing the signature of the lienor. who under express terms of the deed was to sign it as a party thereto. The deed was carried off by the grantor, and was not shown to have been signed by the lienor and was never returned to the grantee or delivered to any person for him. *Held,* that the above facts were insufficient to show an effectual delivery of the instrument, the grantee not having accepted delivery of the deed without the signature of the lienor as such. *Beardsley* v. *Hilson,* 94 *Ga.* 50 (20 S. E. 272). There being no effectual delivery and acceptance of the deed, there was a failure of title in the plaintiff; and the judge did not err in granting a nonsuit.

2. In view of the ruling stated in the preceding headnote, it becomes unnecessary to consider assignments of error relating to the rejection of evidence offered by the plaintiff, which, in so far as sufficient to raise

any question for decision, related to the fact of notice of plaintiff's prior purchase of the timber.

*Judgment affirmed. All the Justices concur.*

No. 3246. JANUARY 19, 1923.

Equitable petition. Before Judge Tarver. Gordon superior court. February 27, 1922.

*C. D. & F. K. McCulchen* and *J. G. B. Erwin,* for plaintiff.

*Allison, Lynch & Phillips* and *Maddox, McCamy & Shumate,* for defendants.

